# EXHIBIT A

# Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

| Case Information Summary for Case Number |
|:---:|
| 2019-CH-05125 |

Filing Date: 04/22/2019
Division: Chancery Division
Ad Damnum: $0.00

Case Type: CLASS ACTION
District: First Municipal
Calendar: 16

## Party Information

**Plaintiff(s)**
COLLIER GIOVANNI

**Attorney(s)**
STEPHAN ZOURAS LLP
205 N MICHIGAN 2560
CHICAGO IL, 60601
(312) 233-1550

**Defendant(s)**     **Defendant Date of Service**     **Attorney(s)**
PETE'S FRESH MARKET 2526

## Case Activity

Activity Date: 04/22/2019     Participant: COLLIER GIOVANNI

CLASS ACTION COMPLAINT FILED (JURY DEMAND)

Court Fee: 598.00     Attorney: WERMAN SALAS PC

Activity Date: 04/22/2019     Participant:

MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 08/20/2019
Court Time: 1000

Attorney: WERMAN SALAS PC

Activity Date: 04/22/2019     Participant: COLLIER GIOVANNI

SUMMONS ISSUED AND RETURNABLE

Attorney: WERMAN SALAS PC

Activity Date: 04/22/2019     Participant: COLLIER GIOVANNI

NOTICE OF MOTION FILED

Attorney: WERMAN SALAS PC

Activity Date: 04/22/2019     Participant: COLLIER GIOVANNI

MOTION FILED

Attorney: WERMAN SALAS PC

Activity Date: 04/22/2019                    Participant: COLLIER GIOVANNI

## CASE SET ON CASE MANAGEMENT CALL

Date: 08/20/2019
Court Time: 1030                    Judge: ATKINS DAVID B
Court Room: 2102                    Attorney: WERMAN SALAS PC

Activity Date: 05/21/2019                    Participant: COLLIER GIOVANNI

## AFFIDAVIT OF SERVICE FILED

Attorney: WERMAN SALAS PC

Activity Date: 06/10/2019                    Participant:

## MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 06/18/2019
Court Time: 1000                    Attorney: WERMAN SALAS PC

Activity Date: 06/10/2019                    Participant: COLLIER GIOVANNI

## ***FILE AMENDED PLEADING(SET FOR MOTION HEARING)

Attorney: WERMAN SALAS PC

Activity Date: 06/10/2019                    Participant: COLLIER GIOVANNI

## NOTICE OF MOTION FILED

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                    Participant: COLLIER GIOVANNI

## APPEARANCE FILED - NO FEE PAID - (JURY DEMAND)

Attorney: STEPHAN ZOURAS LLP

Activity Date: 06/18/2019                    Participant: GRIFFITH MARK

## CERTIFICATE FILED

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                    Participant: GRIFFITH MARK

## AMENDMENT TO COMPLAINT FILED

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                    Participant: GRIFFITH MARK

## SUMMONS ISSUED AND RETURNABLE

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                                    Participant: GRIFFITH MARK

SUMMONS ISSUED AND RETURNABLE

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                                    Participant: GRIFFITH MARK

NOTICE FILED

Attorney: WERMAN SALAS PC

Activity Date: 06/18/2019                          Participant: PETE'S FRESH MARKET 2526

FILE APPEARANCE OR JURY DEMAND, ANSWER OR PLEAD - ALLOWED -

Judge: ATKINS DAVID B

Activity Date: 06/18/2019                              Participant: COLLIER GIOVANNI

AMEND COMPLAINT OR PETITION - ALLOWED -

Judge: ATKINS DAVID B

Back to Top

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 8/20/2019 10:30 AM - 10:30 AM
Courtroom Number: 2102
Location: District 1 Court
    Cook County, IL

FILED
4/22/2019 12:22 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

FILED DATE: 4/22/2019 12:22 PM  2019CH05125

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GIOVANNI COLLIER, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| PETE'S FRESH MARKET 2526 CORPORATION | ) ) ) |
| Defendant. | ) ) |

4771494

Case No. 2019CH05125

Judge

JURY TRIAL DEMANDED

### CLASS ACTION COMPLAINT

Giovanni Collier ("Plaintiff"), files this Class Action Complaint against Pete's Fresh Market 2526 Corporation ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**SUMMARY OF CLAIMS**

1.    Plaintiff was employed as a cashier at Defendant's supermarket in Chicago, Illinois from approximately September 2018 through November 2018.

2.    Throughout his employment, Defendant required employees to use a biometric time clock system to record their time worked.

3.    Defendant required Plaintiff and other employees to scan their fingerprints in Defendant's biometric time clock when they started working a shift, stopped for lunch, returned from lunch, and finished working a shift.

4.    Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

5.    By requiring employees to use their fingerprints to record their time, instead of

1

identification numbers or badges only, Defendant ensured that one employee could not clock in for another.

6.      Thus, there's no question that Defendant benefited from using a biometric time clock.

7.      But there's equally no question that Defendant placed employees at risk by using their biometric identifiers to "punch the clock."

8.      In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

9.      As a result, Illinois restricted private entities, like Defendant, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

10.     Defendant collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

11.     As a result, Defendant violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated employees.

**JURISDICTION AND VENUE**

12.     This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Class Action Complaint in Illinois.

13.     Cook County is an appropriate venue for this litigation because Defendant has

FILED DATE: 4/22/2019 12:22 PM   2019CH05125

FILED DATE: 4/22/2019 12:22 PM   2019CH05125

offices in Cook County, does business there, and because the events giving rise to this Class Action Complaint occurred in Cook County.

**THE PARTIES**

14.     Plaintiff is an individual who lives in Cook County, Illinois.

15.     Defendant is an Illinois corporation.

16.     Defendant's principal place of business is in Chicago, Illinois.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

17.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

18.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

19.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

20.     In addition, the Biometric Information Privacy Act prohibits a private entity from

3

possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

21.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

22.     When Plaintiff scanned his fingerprint in Defendant's biometric time clock, Defendant captured and stored Plaintiff's fingerprint, or a representation derived from Plaintiff's fingerprint.

23.     When Plaintiff scanned his fingerprint in Defendant's biometric time clock, his fingerprint – or a representation derived from his fingerprint – was disseminated and disclosed to Defendant's time-keeping vendor.

24.     Defendant never provided Plaintiff any written materials stating that it was collecting, retaining, or disseminating his fingerprint or a representation derived from his fingerprint.

25.     Defendant never obtained Plaintiff's written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use his fingerprint or a representation derived from Plaintiff's fingerprint.

26.     Defendant violated Plaintiff's privacy by capturing or collecting his unique biometric identifiers and information, and sharing those identifiers and information with its time-

FILED DATE: 4/22/2019 12:22 PM    2019CH05125

keeping vendor, without his consent.

27.     Defendant diminished the value of Plaintiff's biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

28.     Based on Defendant's violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiff experiences emotional distress over whether Defendant is currently storing, disposed of, or will eventually dispose of, his biometric identifiers and information securely.

29.     Plaintiff also experiences emotional distress because he recognizes that he will not learn of any data breach that compromises his biometric identifiers and information until *after* that data breach has occurred.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff seeks to represent a class of employees of Defendant who scanned their fingerprints in Defendant's biometric time clock system ("the Class").

31.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendant's biometric time clock system despite Defendant failing to adhere to the requirements of the Biometric Information Privacy Act.

32.     The Class includes more than 40 members.

33.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

34.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant required the Class to use their fingerprints to clock in and out during

5

FILED DATE: 4/22/2019 12:22 PM 2019CH05125

shifts; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

35. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

36. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

37. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

38. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39. The books and records of Defendant are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their fingerprints in Defendant's biometric time clock system and what information Defendant provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

40. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

41. Plaintiff retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of the Biometric Information Privacy Act
### (Class Action)

42. Plaintiff realleges and incorporates the previous allegations of this Complaint.

43. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

FILED DATE: 4/22/2019 12:22 PM    2019CH05125

44. Plaintiff's and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

45. Defendant has "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's fingerprints.

46. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendant was doing so.

47. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendant doing so and the length of time Defendant would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

48. Defendant violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendant to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

49. Defendant violated the Biometric Information Privacy Act by possessing Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

50. Defendant violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's fingerprints and information based on their fingerprints to Defendant's time-keeping vendor without first obtaining their consent for that

7

FILED DATE: 4/22/2019 12:22 PM   2019CH05125

disclosure or dissemination.

51.    Defendant knew or should have known of the requirements of the Biometric Information Privacy Act.

52.    As a result, Defendant's violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.    Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.    Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.    Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.    Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: April 22, 2019        /s/Douglas M. Werman
                            One of Plaintiff's Attorney

Attorney No. 42031
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
*Attorneys for Plaintiff*

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
4/22/2019 2:27 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

4774708

FILED DATE: 4/22/2019 2:27 PM   2019CH05125

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Giovanni Collier
_____

(Name all parties)

v.

Pete's Fresh Market 2526 Corporation
_____

Case No. _____2019CH05125_____

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant: Pete's Fresh Market 2526 Corp, c/o Reg. Agent, Arthur Stamas, 555 Pond Drive, Wood Dale, IL 60191

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons**          **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiff

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: _____ 4/22/2019 2:27 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 4/22/2019 2:27 PM 2019CH05125

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 4/22/2019 2:27 PM   2019CH05125

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 8/20/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
4/22/2019 3:16 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

4776364

FILED DATE: 4/22/2019 3:16 PM   2019CH05125

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GIOVANNI COLLIER, on behalf of himself and all other persons similarly situated, known and unknown, ) ) ) ) | |
| Plaintiff, ) ) ) | Case No. 2019CH05125<br><br>Judge David B. Atkins |
| v. ) ) ) | |
| PETE'S FRESH MARKET 2526 CORPORATION ) ) ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Among other things, Giovanni Collier ("Named Plaintiff") alleges that Defendant violated the Act by requiring employees to scan their fingerprints in Defendant's biometric time clock system without their informed written consent. Class Action Complaint ("Compl.") ¶¶ 2-3, 46-50. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiff filed its class certification motion could not render moot any part of plaintiff's pending action") (footnote and citation omitted).

1

FILED DATE: 4/22/2019 3:16 PM   2019CH05125

Named Plaintiff moves to certify the following class:[1]

> Defendant's employees in Illinois who, within the last five years, scanned their fingerprints in Defendant's biometric time clock system ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 40 members. Compl. ¶ 32. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to scan their fingerprints in Defendant's biometric time clock system; whether Defendant's biometric time clock system captures "biometric identifiers" or "biometric information" under the Act; whether Defendant obtained a written release from the Class before collecting their biometric identifiers and information; and whether Defendant stored the Class's biometric identifiers and information without establishing a publicly available data retention/destruction policy required by the Act. Compl. ¶ 34. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007) (common questions of law and fact predominate where the potential class challenged the defendant's "uniform policy.").

---

[1] Named Plaintiff reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

2

FILED DATE: 4/22/2019 3:16 PM   2019CH05125

Third, Named Plaintiff will fairly and adequately protect the interests of the Class because his claims are coextensive with those of the Class, he has no interests antagonistic to the Class, and he is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Court for the Northern District of California certified a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure in a case alleging violations of the Act. *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (granting class certification of claims brought by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

FILED DATE: 4/22/2019 3:16 PM   2019CH05125

Dated: April 22, 2019                    Respectfully submitted,

                                         /s/Douglas M. Werman
                                         Attorney No. 42031
                                         Douglas M. Werman
                                         (dwerman@flsalaw.com)
                                         Maureen A. Salas
                                         (msalas@flsalaw.com)
                                         Sarah J. Arendt
                                         (sarendt@flsalaw.com)
                                         Zachary C. Flowerree
                                         (zflowerree@flsalaw.com)
                                         Werman Salas, P.C.
                                         77 West Washington, Suite 1402
                                         Chicago, Illinois 60602
                                         (312) 419-1008

                                         *Attorneys for Plaintiff*

4

# SHERIFF'S OFFICE OF DUPAGE COUNTY, ILLINOIS

FILED
5/21/2019 1:46 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

TYPE: SUM

DEPUTY, 443
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

DOCKET #: 32019-119-140122    CASE #:    19CH5125 - 001

FILED:    04/22/2019    RECEIVED:  04/29/2019    RETURN BY:  05/22/2019    # OF WORKSHEETS:    1

DEFENDANT:  PETES FRESH MARKET 2526 CORPORATION C/O STAMAS, ARTHUR R/A    5134754

HOME ADDRESS:

WORK ADDRESS:

555 POND DR
WOOD DALE, IL 60191

PLAINTIFF:    COLLIER, GIOVANNI    OPERATOR ID:    589

SERVICE INFO:  30 DAY    ┌ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ┐
** SEE COVER LETTER FOR SERVICE DETAILS**    │  AMENDED SERVICE  │
└ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ┘

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I CERTIFY THAT I SERVED THIS SUMMONS AND COMPLAINT ON THE DEFENDANT AS FOLLOWS:

___ 1.    PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE NAMED DEFENDANT
PERSONALLY.

___ 2.    SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL
PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR PERSON RESIDING THERE, OF THE AGE OF 13
YEARS OR UPWARDS, AND INFORMING THAT PERSON OF THE CONTENTS THEREOF. ALSO, A COPY OF THE
DOCUMENT WAS MAILED TO THE DEFENDANT AT THE ABOVE ADDRESS.    DATE:    INITIALS:

X  3.    BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE REGISTERED AGENT, AUTHORIZED PERSON
OR PARTNER OF THE DEFENDANT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES MENDRICK, SHERIFF, BY:  ABBATACOLA #443  DEPUTY

1. SEX:  M    RACE:  WHITE    AGE:  60    HEIGHT:  5 FT. 9 IN.    WEIGHT:  185 lbs

2. WRIT SERVED ON:  ARTHUR STAMAS    RELATION:  AGENT

SERVED ON:    05/20/2019  10:40 AM

ADDITIONAL COMMENTS:    FREDRICKSEN FIRE EQT IN THIS LOCATION. SERVED 05/20/2019

THE NAMED DEFENDANT WAS NOT SERVED.  REASON NOT SERVED:

___ 01 MOVED    ___ 02 NO CONTACT    ___ 03 AVOIDING: SEE COMMENTS

___ 04 NOT LISTED    ___ 05 WRONG ADDRESS    ___ 06 NO SUCH ADDRESS

___ 07 EMPLOYER REFUSAL    ___ 08 RETURNED BY ATTY    ___ 09 DECEASED

___ 10 NO LONGER EMPLOYED    ___ 11 OTHER: SEE COMMENTS

| ATTEMPTED SERVICES: | DATE | TIME | DEPUTY # |
|---|---|---|---|
| | 05/02/2019 | 02:15 PM | 443 |

AMOUNT RECEIVED:    $50.00    CK

DEPUTY SIGNATURE:    *Robert Abbatacola #443*

**Original Digital Copy**

Courtroom Number:
Location:

FILED
6/10/2019 3:52 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

5360042

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

GIOVANNI COLLIER, on behalf of himself )
and all other persons similarly situated, )
known and unknown, )
                                    )     Case No. 2019CH205125
                                    )
               Plaintiff, )     Judge David B. Atkins
                                    )
        v. )
                                      )
PETE'S FRESH MARKET 2526 )
CORPORATION )
                                      )     Hearing Date: 6/18/2019 10:00 AM - 10
              Defendant. )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

This is a proposed class action lawsuit for Defendant's alleged violations of the Biometric Information Privacy Act ("BIPA"). Plaintiff alleges that Defendant unlawfully collects, stores, uses and disseminates its employees' biometric data in violation of BIPA.

Plaintiff Giovanni Collier filed his original Complaint against Pete's Fresh Market 2526 Corporation on April 22, 2019. Based on information uncovered through his ongoing investigation, Plaintiff seeks to amend his Complaint to add an additional plaintiff, Mark Griffith, to add two defendants, Pete's Fresh Market Willowbrook Corporation and James Dremonas, to add allegations that will enhance his claims in light of the Illinois Supreme Court's decision in *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186 ("*Rosenbach*"), and to separate these claims into distinct counts. *See* proposed First Amended Complaint, attached here as Exhibit A.

**I.     Plaintiff's Proposed First Amended Complaint Allegations**

Plaintiff's proposed First Amended Complaint seeks to add Mark Griffith as a plaintiff. Ex. A, First Amd. Compl. Mr. Griffith worked as a bakery team leader at Pete's Fresh Market Willowbrook Corporation's supermarket in Willowbrook, Illinois, a related entity and proposed

1

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

new defendant, from August 2018 through May 2019. *Id.* at ¶ 2. Like Mr. Collier, Mr. Griffith was required to use a fingerprint scan biometric time-keeping system throughout his employment. *Id.* at ¶¶ 4-5. Also like Plaintiff, Mr. Griffith alleges that his employer, Pete's Fresh Market Willowbrook Corporation, did not follow the BIPA's requirements before collecting, storing, using, and disseminating his biometric data. *Id.* at ¶¶ 12-13, 28-35, 56, 66-68, 78-79.

The proposed First Amended Complaint also adds the owner and operator, James Dremonas, of Defendant Pete's Fresh Market 2526 Corporation, Pete's Fresh Market Willowbrook Corporation, and 22 other Pete's Fresh Market businesses, as a defendant. Mr. Dremonas has implemented the use of a biometric time-keeping system from a third-party time-keeping vendor at Defendant Pete's Fresh Market 2526 Corporation's supermarket in Chicago, Illinois, as well as at Pete's Fresh Market Willowbrook Corporation's supermarket in Willowbrook, Illinois. *Id.* at ¶¶ 1-2. Mr. Dremonas, as owner and operator of both corporations, has access and possession of the biometric information for employees of his Pete's Fresh Market businesses that have implemented the use of a biometric time-keeping system, including Defendant Pete's Fresh Market 2526 Corporation and Pete's Fresh Market Willowbrook Corporation. *Id.* at ¶¶ 12-13.

Finally, the proposed First Amended Complaint separates the above claims into distinct counts for the purposes of separating the violations alleged therein. *Id.* at ¶¶ 48-80. Namely, separating the claims into counts aims to distinguish each BIPA violation pursuant to 740 ILCS 14/15(a)-(b), (d).

## II.    The Court Should Grant Leave to Amend

The Illinois Rules of Civil Procedure set forth a liberal policy for allowing a plaintiff to amend a complaint. *See* 735 ILCS 5/2-616. "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

plaintiff or defendant . . ." *Id.* In ruling on a motion for leave to amend, the Illinois Supreme Court has identified the following relevant factors:

> (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified.

*Loyola Acad. v. S & S Roof Maint., Inc.*, 146 Ill. 2d 263, 273 (Ill. 1992). These factors support Plaintiff's request for leave to amend. First, Plaintiff seeks leave to add an additional plaintiff and proposed class representative, as well as the defendant corporation of the supermarket where that plaintiff works. Based on additional investigation, Plaintiff seeks to add the owner and operator of Pete's Fresh Market 2526 Corporation and Pete's Fresh Market Willowbrook Corporation that required these operating Pete's Fresh Market businesses to use a biometric time-keeping system in Illinois, and is therefore jointly responsible for the BIPA violations alleged in the Complaint.

Second, Plaintiff's proposed amendments are timely because discovery is still in its early stages.

Third, Plaintiff is amending his Complaint to add a second plaintiff and additional defendants at the earliest opportunity after plaintiff decided to pursue his claims.

WHEREFORE, Plaintiff requests leave to file his First Amended Class Action Complaint, attached as Exhibit A.

Dated: June 7, 2019

Respectfully Submitted,

/s/ Douglas M. Werman
One of Plaintiff's Attorneys
Attorney No. 42031
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)

FILED DATE: 6/10/2019 3:52 PM    2019CH05125

Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Ryan F. Stephan
James B. Zouras
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Attorneys for Plaintiff*

4

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

# EXHIBIT A

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| GIOVANNI COLLIER and MARK GRIFFITH, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PETE'S FRESH MARKET 2526 CORPORATION, PETE'S FRESH MARKET WILLOWBROOK CORPORATION, and JAMES DREMONAS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2019CH05125 <br><br> Judge David B. Atkins <br><br> JURY TRIAL DEMANDED |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs Giovanni Collier ("Collier") and Mark Griffith ("Griffith") (collectively, "Plaintiffs"), bring this First Amended Class Action Complaint ("Complaint") against Pete's Fresh Market 2526 Corporation ("Pete's 2526 Corporation"), Pete's Fresh Market Willowbrook Corporation ("Pete's Willowbrook Corporation"), and James Dremonas ("Dremonas") (collectively, "Defendants"), for violations of the Illinois Biometric Information Privacy Act ("BIPA").

**SUMMARY OF CLAIMS**

1.   Plaintiff Collier was employed as a cashier at Defendant Pete's 2526 Corporation's supermarket in Chicago, Illinois from approximately September 2018 through November 2018.

2.   Plaintiff Griffith was employed as a bakery team leader at Defendant Pete's Willowbrook Corporation's supermarket in Willowbrook, Illinois from approximately August 2018 through May 2019.

1

FILED DATE: 6/10/2019 3:52 PM    2019CH05125

3.      Defendant Dremonas is the owner and operator of both Defendant Pete's 2526 Corporation and Defendant Pete's Willowbrook Corporation, as well as 22 other Pete's Fresh Market businesses.

4.      Throughout Plaintiffs' employment, Defendants required employees to use a biometric time clock system to record their time worked.

5.      Defendants required Plaintiffs and other employees to scan their fingerprints in Defendants' biometric time clock when they started working a shift, stopped for lunch, returned from lunch, and finished working a shift.

6.      Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

7.      By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

8.      Thus, there's no question that Defendants benefited from using a biometric time clock.

9.      But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

10.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

11.     As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

2

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

12.     Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiffs and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

13.     As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly-situated employees.

**JURISDICTION AND VENUE**

14.     This Court has personal jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because, during the relevant time period, Defendants conducted business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

15.     Cook County is an appropriate venue for this litigation because Defendants are authorized to conduct business in this State, Defendants conduct business transactions in Cook County, and Defendants committed the statutory violations alleged herein in Cook County and throughout Illinois.

**THE PARTIES**

16.     Plaintiff Collier is an individual who lives in Cook County, Illinois.

17.     Plaintiff Griffith is an individual who lives in Plainfield, Illinois.

18.     Defendant Pete's 2526 Corporation is an Illinois corporation.

19.     Defendant Pete's Willowbrook Corporation is an Illinois corporation.

20.     Defendant Dremonas is an individual who lives in Chicago, Illinois.

21.     Defendants' principal place of business is in the State of Illinois.

3

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

22.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

23.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

24.     "'Private entity' means any individual, partnership, corporation, limited liability company, association, or other group, however organized." 740 ILCS 14/10.

25.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

26.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

27.     Finally, the Biometric Information Privacy Act prohibits a private entity from

FILED DATE: 6/10/2019 3:52 PM    2019CH05125

disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

28.     When Plaintiffs scanned their fingerprints in Defendants' biometric time clock, Defendants captured and stored Plaintiffs' fingerprints, or a representation derived from Plaintiffs' fingerprints.

29.     When Plaintiffs scanned their fingerprints in Defendants' biometric time clock, their fingerprints – or a representation derived from their fingerprints – were disseminated and disclosed to Defendants' time-keeping vendor.

30.     Defendants never provided Plaintiffs any written materials stating that it was collecting, retaining, or disseminating their fingerprints or a representation derived from their fingerprints.

31.     Defendants never obtained Plaintiffs' written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of their fingerprints or a representation derived from Plaintiffs' fingerprints.

32.     Defendants violated Plaintiffs' privacy by capturing or collecting their unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without their consent.

33.     Defendants diminished the value of Plaintiffs' biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

34.     Based on Defendants' violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiffs experience emotional distress over whether Defendants are currently storing, disposed of, or will eventually dispose of, their biometric identifiers and information securely.

35.     Plaintiffs also experience emotional distress because they recognize that they will not learn of any data breach that compromises their biometric identifiers and information until *after* that data breach has occurred.

**CLASS ACTION ALLEGATIONS**

36.     Plaintiffs seek to represent a class of employees who scanned their fingerprints in a biometric time clock system at a Pete's Fresh market business in Illinois ("the Class").

37.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendants' biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

38.     The Class includes more than 40 members.

39.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

40.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

41.     These common questions of law and fact predominate over variations that may exist

6

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

between members of the Class, if any.

42. Plaintiffs, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

43. If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

44. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

45. The books and records of Defendants are material to Plaintiffs' case as they disclose how and when Plaintiffs and the Class scanned their fingerprints in Defendants' biometric time clock system and what information Defendants provided Plaintiffs and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

46. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

47. Plaintiffs retained counsel experienced in complex class action litigation.

<u>COUNT I</u>
**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule**

48. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

49. BIPA mandates that private entities in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those private entities must: (1) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three yeas after the company's last interaction with the individual); and (2) adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

7

FILED DATE: 6/10/2019 3:52 PM 2019CH05125

50. Defendants fail to comply with these BIPA mandates.

51. Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

52. Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

53. Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

54. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

55. Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

56. Defendants violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

57. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

8

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

<u>COUNT II</u>
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

58. Plaintiffs reallege and incorporate the previous allegations of this Complaint.

59. BIPA requires private entities to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b).

60. Defendants fail to comply with these BIPA mandates.

61. Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

62. Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

63. Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

64. Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

65. Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

9

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

66.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendants were doing so.

67.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiffs' and the Class's biometric identifiers and/or biometric information.

68.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiffs' and the Class's biometric identifiers and/or biometric information.

69.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT III**
**Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent**

70.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

FILED DATE: 6/10/2019 3:52 PM    2019CH05125

71.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. See 740 ILCS 14/15(d)(1).

72.     Defendants fail to comply with this BIPA mandate.

73.     Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

74.     Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

75.     Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

76.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

77.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

78.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's fingerprints and information based on their fingerprints to Defendants' time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

79.     By disclosing, redisclosing, or otherwise disseminating Plaintiffs' and the Class's biometric identifiers and biometric information described herein, Defendants violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

80.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2)

11

FILED DATE: 6/10/2019 3:52 PM    2019CH05125

injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.  Awarding liquidated monetary damages to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.  Enjoining each Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.  Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.  Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

FILED DATE: 6/10/2019 3:52 PM   2019CH05125

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated:  June 10, 2019

/s/ Douglas M. Werman
One of Plaintiffs' Attorneys
Attorney No. 42031
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Attorneys for Plaintiffs*

13

**12-Person Jury**

FILED
6/18/2019 1:34 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

5457821

(04/04/19) CCG 0009

*FILED DATE: 6/18/2019 1:34 PM   2019CH05125*

Appearance and Jury Demand *

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY _____ DEPARTMENT/ _1_ DISTRICT

| | |
|---|---|
| Giovanni Collier | Case No. __2019-CH-05125__ |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____ Time: _____ |
| Pete's Fresh Market 2526 Corporation | Court Date: _____ Room No.: _____ |
| Defendant | |
| | Address of Court District for Filing |

### APPEARANCE AND JURY DEMAND *

☑ General Appearance    ☐ 0900 - Fee Paid      ☐ 0904 - Fee Waived

☐ 0908 - Trial Lawyers Appearance - No Fee

☐ Jury Demand *    ☐ 1900 - Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury

☑ 1904 - Appearance and Jury Demand/No Fee Paid    ☐ Six-person Jury

The undersigned enters the appearance of: ◉ Plaintiff ◯ Defendant

Litigant's Name: Ryan F. Stephan

Signature: _Ryan F. Stephan_

☐ Initial Counsel of Record    ☐ Pro Se (Self-represented)    ☐ 2810 Rule 707 Out-of-State Counsel
(pro hac vice)

☑ Additional Appearance    ☐ Substitute Appearance

◉ Atty. No.: 43734    ◯ Pro Se 99500

Name: Ryan F. Stephan

Atty. for (if applicable):

Plaintiff

Address: 100 N. Riverside Plaza, Suite 2150

City: Chicago

State: IL Zip: 60606 Phone: 312.233.1550

Primary Email: rstephan@stephanzouras.com

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:

☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_Ryan F. Stephan_

Attorney for ◉ Plaintiff ◯ Defendant

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/18/2019 12:54 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on June 18, 2019, I served a copy of the

foregoing **First Amended Class Action Complaint** and **Order entered on June 14, 2019**, via

certified U.S. mail on:

Pete's Fresh Market 2526 Corporation
c/o Reg. Agent, Arthur Stamas
555 Pond Drive
Wood Dale, IL 60191

/s/Douglas M. Werman
One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Zachary C. Flowerree
**WERMAN SALAS P.C.**
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/18/2019 12:54 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

5456976

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GIOVANNI COLLIER and MARK GRIFFITH, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 2019CH05125 |
| Plaintiffs, | ) ) | Judge David B. Atkins |
| v. | ) ) | JURY TRIAL DEMANDED |
| PETE'S FRESH MARKET 2526 CORPORATION, PETE'S FRESH MARKET WILLOWBROOK CORPORATION, and JAMES DREMONAS, | ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Giovanni Collier ("Collier") and Mark Griffith ("Griffith") (collectively, "Plaintiffs"), bring this First Amended Class Action Complaint ("Complaint") against Pete's Fresh Market 2526 Corporation ("Pete's 2526 Corporation"), Pete's Fresh Market Willowbrook Corporation ("Pete's Willowbrook Corporation"), and James Dremonas ("Dremonas") (collectively, "Defendants"), for violations of the Illinois Biometric Information Privacy Act ("BIPA").

## SUMMARY OF CLAIMS

1.      Plaintiff Collier was employed as a cashier at Defendant Pete's 2526 Corporation's supermarket in Chicago, Illinois from approximately September 2018 through November 2018.

2.      Plaintiff Griffith was employed as a bakery team leader at Defendant Pete's Willowbrook Corporation's supermarket in Willowbrook, Illinois from approximately August 2018 through May 2019.

1

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

3.      Defendant Dremonas is the owner and operator of both Defendant Pete's 2526 Corporation and Defendant Pete's Willowbrook Corporation, as well as 22 other Pete's Fresh Market businesses.

4.      Throughout Plaintiffs' employment, Defendants required employees to use a biometric time clock system to record their time worked.

5.      Defendants required Plaintiffs and other employees to scan their fingerprints in Defendants' biometric time clock when they started working a shift, stopped for lunch, returned from lunch, and finished working a shift.

6.      Unlike an employee identification number or employee identification card, fingerprints are *unique* and *permanent* identifiers.

7.      By requiring employees to use their fingerprints to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

8.      Thus, there's no question that Defendants benefited from using a biometric time clock.

9.      But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

10.      In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like fingerprints, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

11.      As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

12.     Defendants collected, stored, used, and transferred the unique biometric fingerprint identifiers, or information derived from those identifiers, of Plaintiffs and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

13.     As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly-situated employees.

**JURISDICTION AND VENUE**

14.     This Court has personal jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 because, during the relevant time period, Defendants conducted business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

15.     Cook County is an appropriate venue for this litigation because Defendants are authorized to conduct business in this State, Defendants conduct business transactions in Cook County, and Defendants committed the statutory violations alleged herein in Cook County and throughout Illinois.

**THE PARTIES**

16.     Plaintiff Collier is an individual who lives in Cook County, Illinois.

17.     Plaintiff Griffith is an individual who lives in Plainfield, Illinois.

18.     Defendant Pete's 2526 Corporation is an Illinois corporation.

19.     Defendant Pete's Willowbrook Corporation is an Illinois corporation.

20.     Defendant Dremonas is an individual who lives in Chicago, Illinois.

21.     Defendants' principal place of business is in the State of Illinois.

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

## REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT

22.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

23.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

24.     "'Private entity' means any individual, partnership, corporation, limited liability company, association, or other group, however organized." 740 ILCS 14/10.

25.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

26.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

27.     Finally, the Biometric Information Privacy Act prohibits a private entity from

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

## BACKGROUND FACTS

28.     When Plaintiffs scanned their fingerprints in Defendants' biometric time clock, Defendants captured and stored Plaintiffs' fingerprints, or a representation derived from Plaintiffs' fingerprints.

29.     When Plaintiffs scanned their fingerprints in Defendants' biometric time clock, their fingerprints – or a representation derived from their fingerprints – were disseminated and disclosed to Defendants' time-keeping vendor.

30.     Defendants never provided Plaintiffs any written materials stating that it was collecting, retaining, or disseminating their fingerprints or a representation derived from their fingerprints.

31.     Defendants never obtained Plaintiffs' written consent, or release as a condition of employment, authorizing the collection, storage, dissemination, or use of their fingerprints or a representation derived from Plaintiffs' fingerprints.

32.     Defendants violated Plaintiffs' privacy by capturing or collecting their unique biometric identifiers and information and sharing those identifiers and information with its time-keeping vendor, without their consent.

33.     Defendants diminished the value of Plaintiffs' biometric identifiers and information by storing them without publishing data retention and destruction policies required by the Biometric Information Privacy Act.

5

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

34.     Based on Defendants' violations of the informed-consent and data destruction/retention publishing policies of the Biometric Information Privacy Act, Plaintiffs experience emotional distress over whether Defendants are currently storing, disposed of, or will eventually dispose of, their biometric identifiers and information securely.

35.     Plaintiffs also experience emotional distress because they recognize that they will not learn of any data breach that compromises their biometric identifiers and information until *after* that data breach has occurred.

**CLASS ACTION ALLEGATIONS**

36.     Plaintiffs seek to represent a class of employees who scanned their fingerprints in a biometric time clock system at a Pete's Fresh market business in Illinois ("the Class").

37.     Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: being required to scan their fingerprints in Defendants' biometric time clock system despite Defendants failing to adhere to the requirements of the Biometric Information Privacy Act.

38.     The Class includes more than 40 members.

39.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

40.     The issues involved in this lawsuit present common questions of law and fact, including: whether Defendants required the Class to use their fingerprints to clock in and out during shifts; whether Defendants collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

41.     These common questions of law and fact predominate over variations that may exist

6

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

between members of the Class, if any.

42.     Plaintiffs, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

43.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

44.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

45.     The books and records of Defendants are material to Plaintiffs' case as they disclose how and when Plaintiffs and the Class scanned their fingerprints in Defendants' biometric time clock system and what information Defendants provided Plaintiffs and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

46.     Plaintiffs and their counsel will fairly and adequately protect the interests of the Class.

47.     Plaintiffs retained counsel experienced in complex class action litigation.

## COUNT I
### Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly-Available Retention Schedule

48.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

49.     BIPA mandates that private entities in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those private entities must: (1) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three yeas after the company's last interaction with the individual); and (2) adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

FILED DATE: 6/18/2019 12:54 PM    2019CH05125

50.     Defendants fail to comply with these BIPA mandates.

51.     Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

52.     Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

53.     Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

54.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

55.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

56.     Defendants violated the Biometric Information Privacy Act by possessing Plaintiffs' and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

57.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

## COUNT II

**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

58.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

59.     BIPA requires private entities to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b).

60.     Defendants fail to comply with these BIPA mandates.

61.     Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

62.     Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

63.     Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

64.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

65.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

66.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing that Defendants were doing so.

67.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiffs' and the Class's biometric identifiers and/or biometric information.

68.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiffs' and the Class's fingerprints and information based on their fingerprints without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiffs' and the Class's biometric identifiers and/or biometric information.

69.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT III
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

70.     Plaintiffs reallege and incorporate the previous allegations of this Complaint.

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

71.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. See 740 ILCS 14/15(d)(1).

72.     Defendants fail to comply with this BIPA mandate.

73.     Defendant Pete's 2526 Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

74.     Defendant Pete's Willowbrook Corporation is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

75.     Defendant Dremonas is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

76.     Plaintiffs' and the Class's fingerprints qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

77.     Defendants have "biometric information" from Plaintiffs and the Class through its acquisition and retention of information based on Plaintiffs' and the Class's fingerprints.

78.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiffs' and the Class's fingerprints and information based on their fingerprints to Defendants' time-keeping vendor without first obtaining their consent for that disclosure or dissemination.

79.     By disclosing, redisclosing, or otherwise disseminating Plaintiffs' and the Class's biometric identifiers and biometric information described herein, Defendants violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

80.     On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2)

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated monetary damages to Plaintiffs and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining each Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiffs' reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

FILED DATE: 6/18/2019 12:54 PM    2019CH05125

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Dated: June 18, 2019

/s/ Douglas M. Werman
One of Plaintiffs' Attorneys
Attorney No. 42031
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Attorneys for Plaintiffs*

13

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/18/2019 12:54 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| GIOVANNI COLLIER and MARK GRIFFITH, individually, and on behalf of all others similarly situated, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| PETE'S FRESH MARKET 2526 CORPORATION, PETE'S FRESH MARKET WILLOWBROOK CORPORATION, and JAMES DREMONAS, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

5456976

Case No. 2019CH05125

Judge David B. Atkins

JURY TRIAL DEMANDED

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

## NOTICE OF FILING

**To:** No Attorney of Record

**PLEASE TAKE NOTICE** that on June 18, 2019 we filed with the Clerk of the Circuit Court, Richard J. Daley Center, Chicago, Illinois, **First Amended Class Action Complaint,** a copy of which is attached hereto and is hereby served upon you.

Respectfully submitted,

Dated: June 18, 2019

/s/Douglas M. Werman
One of Plaintiff's Attorneys

Attorney No. 42031
Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiffs*

Order                                                   (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Giovanni Collier
            v.

Pete's Fresh Market
2526 Corporation

No. 2019-CH-05125

### ORDER

This matter having come before the Court on Plaintiff's Motion for Leave to File First Amended Class Action Complaint, due notice having been given, and the Court having been advised on the premises,

IT IS HEREBY ORDERED:

1. Plaintiff's motion is granted; Plaintiff Shall file his First Amended Complaint Instanter.

2. Defendant shall file its response to the First Amended Complaint in 28 days.

Attorney No.: 42031
Name: Zachary Flowerree
Atty. for: Plaintiff
Address: 77 W Washington, Ste 1402
City/State/Zip: Chicago, IL 60602
Telephone: 312-419-1008

JUDGE DAVID B. ATKINS
ENTERED:
           JUN 18 2019
Dated:     Circuit Court-1879    ,

_____
Judge                  Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
6/18/2019 12:54 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05125

5456976

2120 - Served                           2121 - Served
2220 - Not Served                       2221 - Not Served
2320 - Served By Mail                   2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Giovanni Collier and Mark Griffith

                         (Name all parties)          Case No.     2019CH05125

          v.

Pete's Fresh Market 2526 Corporation, et al.

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:  Pete's Fresh Market Willowbrook Corporation
                       c/o. Reg. Agent, Arthur Stamas, 555 Pond Drive, Wood Dale, IL 60191

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (08/01/18) CCG 0001 B

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 42031

Atty Name: Douglas M. Werman

Atty. for: Plaintiffs

Address: 77 W. Washington Street, Suite 1402

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 419-1008

Primary Email: dwerman@flsalaw.com

Witness: _____

6/18/2019 12:54 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 6/18/2019 12:54 PM   2019CH05125

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm